UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MILTON DARROW MERCER,

    Plaintiff,

v.                                                      CASE NO. 3:20-cv-1087-MCR

ACTING COMMISSIONER OF
THE SOCIAL SECURITY
ADMINISTRATION,

    Defendant.
_____/

**MEMORANDUM OPINION AND ORDER**[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his application for supplemental security income ("SSI"), alleging disability beginning September 1, 2015. Following an administrative hearing held on October 16, 2019, the assigned Administrative Law Judge ("ALJ") issued a decision on November 18, 2019, finding Plaintiff not disabled since June 12, 2017, the date his SSI application was filed.[2] (Tr. 42-50, 56-85.)

In reaching the decision, the ALJ found that Plaintiff had the following

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Doc. 21.)

[2] The earliest time that SSI benefits are payable is the month following the month in which the application was filed. (*See* Tr. 42 (citing 20 C.F.R. § 416.335).)

severe impairments: degenerative disc disease ("DDD") of the cervical and lumbar spine, chronic obstructive pulmonary disease ("COPD"), mood disorder, post-traumatic stress disorder ("PTSD"), dependent personality disorder, and social phobia. (Tr. 44.) The ALJ further found that Plaintiff had the residual functional capacity ("RFC") to perform a reduced range of light work.³ (Tr. 46.) Then, at step five of the sequential evaluation process,⁴ based on the testimony of the vocational expert ("VE") and considering Plaintiff's age, education, work experience, and RFC, the ALJ found that there were jobs existing in significant numbers in the national economy that Plaintiff could perform, such as a mail sorter, a routing clerk, and a merchandise marker. (Tr. 49-50.)

Plaintiff is appealing the Commissioner's decision that he was not disabled since June 12, 2017. Plaintiff has exhausted his available

---

³ Specifically, the ALJ found that Plaintiff can perform light work, except: [Plaintiff can] occasionally climb ramps and stairs; no climbing [of] ladders, ropes, or scaffolds; [Plaintiff can] occasionally balance, stoop, kneel, crouch, and crawl; [Plaintiff should] avoid concentrated exposure to extreme cold, wetness, vibrations, pulmonary irritants, and workplace hazards; [Plaintiff] is limited to performing simple tasks where interaction with coworkers and supervisors is occasional and [there is] no interaction with the general public and where changes in the workplace are occasional.
(Tr. 46.)

⁴ The Commissioner employs a five-step process in determining disability. *See* 20 C.F.R. § 416.920(a)(4).

administrative remedies and the case is properly before the Court. Based on a review of the record, the briefs, and the applicable law, the undersigned recommends that the Commissioner's decision be **REVERSED and REMANDED** under sentence four of 42 U.S.C. § 405(g) and § 1383(c)(3).

### I. Standard of Review

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must

scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

## II. Discussion

### A. Issues on Appeal

Plaintiff raises three issues on appeal. First, he argues that the ALJ erroneously relied on the VE's testimony in response to an incomplete hypothetical question that did not match the ALJ's RFC assessment. (Doc. 23 at 11.) Specifically, the ALJ asked the VE to assume that the hypothetical claimant was limited to performing simple tasks where "interruption" of co-workers and supervisors was occasional, where there was no interaction with the general public, and where changes in the workplace were occasional. (*Id.* at 13.) However, the ALJ's RFC assessment limited Plaintiff to, *inter alia*, performing simple tasks where "interaction" with co-workers and supervisors was occasional, where there was no interaction with the general public, and where changes in the workplace were occasional. (Tr. 46.) Plaintiff contends that the discrepancy between the hypothetical question and the RFC assessment is not a harmless error because the record does not contain any other vocational evidence about the extent of supervisor/co-worker/public contact required in the cited occupations. (Doc. 23 at 11-12.) Plaintiff explains that there is nothing in the Dictionary of Occupational Titles ("DOT") that specifically addresses the level of supervisor, co-worker, or

public interaction. (*Id.* at 14.)

Plaintiff's second argument is that the ALJ's reasoning for rejecting the opinions of the State agency examining psychologist, Denise Verones, Ph.D., misstated the actual content of Dr. Verones's findings and minimized the content of the treating progress notes from Stewart-Marchman-Act, which supported Dr. Verones's opinions as far as functioning. (*Id.*) Also, the ALJ rejected Dr. Verones's opinions partly because Dr. Verones did not review the complete medical record, but, as Plaintiff points out, "Dr. Verones was retained by the Commissioner so the Agency essentially elected NOT to provide her with the records." (*Id.* at 17.)

Plaintiff's final argument is that the ALJ improperly failed to consider the side effects from his psychotropic medications and the lack of stability in his mental status during the relevant time period. (*Id.* at 20.) Plaintiff explains:

> In assessing Mr. Mercer's mental health impairments, the ALJ greatly minimized Mr. Mercer's lack of stability and side effects from medications. Throughout the hearing decision, the ALJ seems to suggest that his medications are working and he is stable. This is contrary to the actual records in this case and it resulted in the ALJ's findings being skewed in favor of discounting the mental health opinions of record.

(*Id.* (internal citations omitted).)

Defendant contends that substantial evidence supports the Commissioner's decision. (Doc. 26.) Defendant responds to Plaintiff's first

5

argument as follows:

> Plaintiff contends that the ALJ's hypothetical question at the administrative hearing was inadequate because the ALJ clearly mispronounced "interruption" when she likely meant "interaction." . . . The ALJ's mistake represents only harmless error. . . . Despite [her] mistake at the administrative hearing, the ALJ properly relied on the VE['s] testimony that Plaintiff could perform alternate light work . . . .

(*Id.* at 8.)

Defendant then argues that substantial evidence supports the ALJ's evaluation of the medical source opinions. (*Id.*) According to Defendant, there is a lack of consistency and supportability of Dr. Verones's opinions "with some of the findings from Stewart-Marchman for anxiety and PTSD." (*Id.*) Defendant also argues that the ALJ's evaluation of Plaintiff's medication side effects and mental limitations is supported by substantial evidence. (*Id.* at 9.)

### B.  Analysis

The Court agrees with Plaintiff that the discrepancy between the ALJ's hypothetical question to the VE and the RFC assessment warrants a remand. At the administrative hearing, the ALJ asked the VE to assume a hypothetical person with Plaintiff's age, education, work experience, and light-work RFC, who was limited to performing, *inter alia*, simple tasks where "interruption" of co-workers and supervisors was occasional, where there was no interaction with the general public, and where changes in the

workplace were occasional. (Tr. 82.) The VE testified that such hypothetical person could perform the representative occupations of a mail sorter, a routing clerk, and a merchandise marker. (Tr. 82-83.) Then, relying on the VE's testimony, the ALJ found that Plaintiff had the RFC to perform light work, but was limited to performing, *inter alia*, simple tasks where "interaction" with co-workers and supervisors was occasional, where there was no interaction with the general public, and where changes in the workplace were occasional. (Tr. 46.)

Defendant contends that "the ALJ clearly mispronounced 'interruption' when she likely meant 'interaction.'" (Doc. 26 at 8.) Defendant argues, without elaboration, that the ALJ's mistake was just a harmless error and that the ALJ nevertheless properly relied on the VE's testimony that Plaintiff could perform light work. (*Id.*) The Court is unconvinced that this was just a harmless error. As Plaintiff explains, there is nothing in the DOT that specifically addresses the level of supervisor, co-worker, and public interaction. Further, the record does not contain any other vocational evidence about the extent of supervisor, co-worker, and public contact required for the representative occupations cited by the VE. In addition, one of the State agency non-examining consultants, Jermaine Robertson, Ph.D., opined in a Mental RFC Assessment that Plaintiff "may have occasional *interruptions* from psychologically based symptoms." (Tr. 114 (emphasis

7

added).)  Thus, the Court cannot speculate what the ALJ likely meant or what the VE actually heard or understood regarding the hypothetical person's contact with co-workers and supervisors.  In sum, because the ALJ's hypothetical question to the VE did not match the ALJ's RFC assessment, the VE's testimony cannot constitute substantial evidence to support the ALJ's decision.  *See Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002) (per curiam) (stating that in order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments).

In light of this conclusion, it is unnecessary to address Plaintiff's remaining arguments.  *See Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam); *Freese v. Astrue*, No. 8:06-cv-1839-T-EAJ, 2008 WL 1777722, at *3 (M.D. Fla. Apr. 18, 2008); *see also Demenech v. Sec'y of the Dep't of Health & Hum. Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (per curiam).  However, on remand, the ALJ should also be directed to re-consider the opinion evidence of record, the treatment records, and the well-documented side effects from Plaintiff's medications before posing a complete hypothetical question to the VE.

Accordingly, it is **ORDERED**:

1. The Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and § 1383(c)(3) and **REMANDED** with

instructions to the ALJ to (a) reconsider the opinion evidence, the treatment records, and the well-documented side effects from Plaintiff's medications; (b) reconsider the RFC assessment, if necessary; (c) pose a complete hypothetical question to the VE; and (d) conduct any further proceedings deemed appropriate.

2. The Clerk of Court is directed to enter judgment consistent with this Order, terminate any pending motions, and close the file.

3. The judgment should state that if Plaintiff were to ultimately prevail in this case upon remand to the Social Security Administration, any § 406(b) or § 1383(d)(2) fee application must be filed within the parameters set forth by the Standing Order on Management of Social Security Cases entered in *In re: Administrative Orders of the Chief Judge*, Case No.: 3:21-mc-1-TJC (M.D. Fla. Dec. 7, 2021).

**DONE AND ORDERED** at Jacksonville, Florida, on February 11, 2022.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

9